IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANE E. MATHER, individually and as trustee of the HANA2008 LIVING TRUST and the VIOLET BLACK TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST HAWAIIAN BANK, a Hawaii corporation, <br><br> Defendant. | CIVIL NO. 14-00091 SOM/RLP <br><br> ORDER DISMISSING COMPLAINT |

**ORDER DISMISSING COMPLAINT**

**I.      INTRODUCTION.**

On February 25, 2014, Plaintiff Diane E. Mather filed the Complaint in this action, naming First Hawaiian Bank, which is a Hawaii corporation, as the sole Defendant. Mather asserts various claims arising out of several loans First Hawaiian Bank made to her that First Hawaiian Bank has foreclosed on. These claims include claims under the Truth and Lending Act and the Real Estate Settlement Procedures Act, as well as various state-law causes-of-action.

The court dismisses the Complaint because Mather's federal question claims are barred by the applicable limitations periods and because the court declines to exercise supplemental jurisdiction over Mather's remaining state-law claims.

## II. BACKGROUND FACTS.

Although Mather's Complaint is 49 pages long, it is practically devoid of any factual allegations and clearly fails to allege facts demonstrating that she is entitled to relief. The court has gleaned the following background facts.

There is no dispute that, on or about September 25, 2008, First Hawaiian Bank lent Mather $686,000, that this loan was secured by a note and mortgage on property located on Dole Street in Honolulu, Hawaii, or that First Hawaiian Bank foreclosed on this property in state court. See Complaint ¶¶ 27, 29, 38; Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale ¶ 4, Civ. No. 12-1-3080 (Haw. Cir. Ct. Aug. 23, 2013), ECF No. 9-11, PageID # 400 ("Interlocutory Decree of Foreclosure").

There is also no dispute that, on or about November 5, 2008, First Hawaiian Bank extended to Mather a line of credit of up to $20,000, that this line of credit was secured by a note and second mortgage on the Dole Street property, or that First Hawaiian Bank foreclosed on this line of credit in state court. See Complaint ¶¶ 28, 29, 38; Interlocutory Decree of Foreclosure, ECF No. 9-11, PageID # 404.

The court takes judicial notice of a state-court special proceeding concerning the September 2008 $686,000 loan.

On August 9, 2012, the Circuit Court of the First Circuit, State of Hawaii, entered Findings of Fact, Conclusions of Law and Order Grating Petitioner's Motion for Summary Judgment and Order to Expunge Various Instruments Against Karen Mary Schaefer, S.P. No. 12-1-0240 KKS (Haw. Cir. Ct. Aug. 9, 2012), ECF No. 9-7, PageID # 378. In that document, the state court made a factual finding that Mather had recorded in Hawaii's Bureau of Conveyances a Notice of Dishonor and Non-Response in January 2012 that claimed that, if First Hawaiian Bank failed to respond to it within 3 days, the $686,000 note (along with another note for a separate $224,000 loan) would be null and void. Id., PageID # 382. According to the state-court order, several days later, Karen Schaefer, who is apparently a notary, recorded a Certificate of Dishonor that claimed the notes were "null and void" and that First Hawaiian Bank owed Mather $1,459,703.35. Id., PageID # 383. According to the description in the state-court order, Mather then filed a Satisfaction of Mortgage and a Release and Discharge of Mortgage Lien, as well as a UCC Financing Statement that purportedly granted her a security interest in First Hawaiian Bank property. See id., PageID #s 383-84. The state-court order expunged the various instruments filed by Shaefer. Id., PageID # 387.

Several weeks later, Mather stipulated to having the instruments she filed expunged. See Stipulated Order to Expunge

3

Various Instruments, S.P. No. 12-1-0240 KKS (Haw. Cir. Ct. Aug. 30, 2012), ECF No. 9-9, PageID # 392.

In a state-court order of August 23, 2013, which was filed after the Complaint in this matter was filed, the state court determined that Mather had defaulted on the loans and that First Hawaiian Bank was entitled to foreclose on its security interest. Interlocutory Decree of Foreclosure, ECF No. 9-11, PageID # 408. The state court ordered the Dole Street property to be sold via a public action by a court-appointed commissioner. Id., PageID # 410. The state court further ruled that, pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure, the Interlocutory Decree of Foreclosure "shall be considered as a final order and judgment and there shall be no just reason for delay." Id., PageID # 413; see also Judgment re: Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale, Civ. No. 12-1-3080 (Haw. Cir. Ct. Aug. 23, 2013), ECF No. 9-12.

It appears that Mather filed a Chapter 11 bankruptcy petition. That bankruptcy case was dismissed because of Mather's failure to file required documents. See Order Dismissing Case with 180-Day Bar to Refiling for Failure to File Required Documents, ECF No. 9-13, PageID # 420.

4

The Dole Street property was sold at public auction to First Hawaiian Bank, and the state court confirmed the sale. See Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal or Personal Property, Civ. No. 12-1-3080 (Haw. Cir. Ct. Mar. 21, 2014), ECF No. 21-3, and Judgment re: Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal or Personal Property, Civ. No. 12-1-3080 (Haw. Cir. Ct. Mar. 21, 2014), ECF No. 21-4. Mather did not appeal the state court foreclosure proceeding orders and/or judgments.

**III.     RULE 12(b)(6) STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court's review of the sufficiency of a complaint is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint,

5

or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v.

Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

## IV. MATHER MAY NOT REPRESENT THE TRUSTS

According to the litigation guaranty attached to the Complaint, "Diane E. Maher" (which the parties agree is a typographical error that is intended to refer to Mather) transferred the Dole Street property to the Hana2008 Living Trust in December 2008, and that trust transferred it to the Violet Black Trust in October 2012. See ECF No. 9-5, PageID # 274-75. However, it is not entirely clear why the Hana2008 Living Trust and the Violet Black Trust are named as Plaintiffs in this action. Neither trust appears to have had any relationship with First Hawaiian Bank, as First Hawaiian Bank lent money to Mather, not to the trusts. The claims asserted in the Complaint appear to belong to Mather.

Because Mather is not an attorney, and because there has been no showing that Mather is the beneficial owner of the trusts' claims, Mather may not represent the trusts pro se. See C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987).

## V. ANALYSIS.

Because it appears that both Mather and First Hawaiian Bank are citizens of Hawaii, see Complaint ¶ 5, ECF No. 9-5, PageID # 222 (indicating that Mather is a resident of the State of Hawaii) and Memorandum in Support of Motion to Dismiss at 1, ECF No. 9-3, PageID # 176 (indicating that First Hawaiian Bank is

a Hawaii corporation), it appears that this court has original jurisdiction over this case based only on federal question jurisdiction. See 28 U.S.C. § 1331. However the Complaint's claims based on federal law are all barred by the applicable limitations periods and/or are not properly pled. Accordingly, the court dismisses the federal question claims and declines to exercise supplemental jurisdiction over the remaining state-law claims.

**A.   The Truth in Lending Act Claims are Dismissed.**

Mather's Eighth Cause of Action seeks damages under the Truth in Lending Act ("TILA"). The Eighth and Eleventh Causes of Action also seek rescission of the loans on the Dole Street Property based on the alleged TILA violations. These claims are barred.

**1.   TILA Damage Claims.**

Claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan. See King v. California, 784 F.2d 910, 915 (9th Cir. 1986). However, equitable tolling may apply in certain circumstances:

> the limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate

9

>             circumstances, suspend the limitations period
>             until the borrower discovers or had
>             reasonable opportunity to discover the fraud
>             or nondisclosures that form the basis of the
>             TILA action.  Therefore, as a general rule
>             the limitations period starts at the
>             consummation of the transaction.  The
>             district courts, however, can evaluate
>             specific claims of fraudulent concealment and
>             equitable tolling to determine if the general
>             rule would be unjust or frustrate the purpose
>             of the Act and adjust the limitations period
>             accordingly.

Id.

According to the allegations of the Complaint, First Hawaiian Bank made two loans to Mather in 2008.  See Complaint ¶¶ 27-28.  The Complaint, filed in 2014, asserts that First Hawaiian Bank violated TILA "by failing to provide Plaintiffs with accurate material disclosures required under TILA."  See Complaint ¶ 136.  Given these allegations, Mather's TILA claim for damages is clearly barred by § 1640(e)'s one-year limitations period, unless she can show some reason to toll the limitations period.

Mather alleges that the one-year limitations period should be tolled "due to Defendants' failure to effectively provide the required disclosures and notices."  See Complaint ¶ 137.  Mather's Opposition to the Motion to Dismiss does not detail why § 1640(e)'s one-year limitations period should be tolled.  In essence, Mather relies on the alleged nondisclosures themselves as justifying tolling.  Without more, this reliance is

insufficient to support tolling of the limitations period.  See Teaupa v. U.S. Nat'l Bank, 836 F. Supp. 2d 1083, 1094 (D. Haw. 2011); accord Garcia v. Wachovia Mort. Corp., 676 F. Supp. 2d 895, 896 (C.D. Cal. 2009) ("the mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations").

In Teaupa, the court rejected a claim of equitable tolling when the plaintiff had similarly alleged that the limitations period was tolled "due to Defendants' failure to effectively provide the required disclosures and notices."  The court reasoned that this "allegation, assumed to be true for purposes of this Motion, is insufficient to satisfy equitable tolling because it would establish no more than the TILA violation itself."  Teaupa, 836 F. Supp. 2d at 1094.

As noted in Jacob v. Aurora Loan Services, 2010 WL 2673128, *3 (N.D. Cal. July 2, 2010), a "[p]laintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes.  Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA, HOEPA, and RESPA, and the statutes of limitations would be meaningless."

Mather's claim for damages under TILA is time-barred, as she did not file her Complaint until February 25, 2014, more

than five years after the loans were consummated, and as she does not establish that equitable tolling is warranted.

**2.  TILA Rescission Claims.**

Mather seeks rescission of her loan under TILA. The Dole Street property was sold at public auction, and the state court confirmed the sale of the property in an order dated March 21, 2014. Assuming Mather could be said to allege a meritorious rescission claim, that claim is not now moot based on the present record. Instead, the record indicates that First Hawaiian Bank purchased the Dole Street property, and there is no indication that First Hawaiian Bank has subsequently sold the property. Clearly, if First Hawaiian Bank still holds the property, it could voluntarily unwind the loan transaction. Accordingly, the court turns to the merits of First Hawaiian Bank's argument that the three-year statute of repose bars Mather's claim for rescission under TILA.

When the required disclosures under TILA are not provided, the right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f). This limitations period is a statute of repose that bars any claim of rescission under TILA filed more than three years after the consummation of the transaction. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002). This means that the

12

three-year limitations period is not subject to equitable tolling. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures). Because Mather did not file her Complaint until five years after her loan was consummated (and because her property was sold after the filing of her Complaint), her right to rescind the loan under TILA has expired. Accordingly, Mather's claim for rescission under TILA is dismissed.

### B. The Real Estate Settlement Procedures Act Claim is Dismissed.

Mather's Ninth Cause of Action asserts a violation of the Real Estate Settlement Procedures Act ("RESPA") arising out of the 2008 loans by First Hawaiian Bank to Mather. The Complaint, however, does not clearly articulate the factual and legal bases for any RESPA violation. Instead, the Complaint merely alleges, "Defendant violated RESPA because the payments between the Defendant were misleading and designed to create a windfall." Complaint ¶ 146, PageID # 259. The Complaint does not identify which payments are at issue. The Ninth Cause of Action is dismissed for failure to assert facts supporting a viable claim.

### C. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State-Law Claims.

Having dismissed the claims conferring federal question jurisdiction, this court now considers whether it should exercise supplemental jurisdiction over the remaining state law claims. Supplemental jurisdiction, unlike federal question or diversity jurisdiction, is not mandatory. A court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367.

Supplemental jurisdiction is a doctrine of discretion, not of a plaintiff's right. See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). When, as here, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Gibbs, 383 U.S. at 726. Although the Supreme Court has stated that such a dismissal is not "a mandatory rule to be applied inflexibly in all cases," it has also recognized that, "in the usual case in which all federal-law claims are eliminated

before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal question claims, the court declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses them.

### D. Mather is Granted Leave to File an Amended Complaint.

When this court dismisses a complaint, it normally gives a plaintiff a chance to file an amended complaint. Given Mather's history, however, the court is concerned that she may have been abusing the court process to delay and/or hinder the foreclosure proceedings in state court. Now that those proceedings have been completed, the court is concerned that Mather may improperly try to appeal matters decided in the state-court foreclosure proceedings to this court, which she may not do under the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923).

The court is also concerned that, even if the Rooker-Feldman doctrine does not apply, Mather should have raised her claims in the foreclosure proceedings and that issue and/or claim preclusion may bar her from raising them now. See Santos v.

15

State of Hawaii, 64 Haw. 648, 651-52, 646 P.2d 962, 965 (1982) (noting that issue and claim preclusion prevent parties from relitigating claims or issues that have already been decided by a competent tribunal).

The court is further concerned that, even if Mather could allege facts supporting a RESPA claim, the claim would be time-barred. See Swartz v. City Mort., Inc., 911 F. Supp. 2d 916, 931 (D. Haw. 2006) ("'The statute of limitations for a RESPA claim is either one or three years from the date of the violation, depending on the type of violation.'" (quoting Cannon v. U.S. Nat'l Bank, NA, 2001 WL 1637415, *5 (D. Haw. Apr. 29, 2011)).

Nevertheless, the court grants Mather leave to file an Amended Complaint no later than July 11, 2014. This document must be complete in itself; it may not incorporate by reference anything previously filed with this court. In any Amended Complaint, Mather may not seek to relitigate matters the merits of which have been rule on in this order. Mather should state in simple language what First Hawaiian Bank allegedly did and what statute, law, or duty was supposedly breached. That is, Mather should refrain from stating legal conclusions and should instead allege facts with respect to what First Hawaiian Bank allegedly did and why it is liable for its specific actions. The court suggests that Mather refrain from "cutting and pasting" from the

16

original Complaint, as that document contains many legal conclusions and general allegations, as opposed to specific facts. Moreover, Mather is reminded that, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A 49-page complaint that is practically devoid of actual facts violates Rule 8.

      The court also reminds Mather that, pursuant to Local Rule 10.2(a), all documents presented for filing must meet certain font requirements. Thus far, Mather's filings have violated Local Rule 10.2(a) by using a font that is too small.

      If Mather asserts fraud-based claims, she is reminded of the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.

      Mather is further reminded that, by presenting a proposed Amended Complaint to the court, she is certifying under Rule 11(b) of the Federal Rules of Civil Procedure that it is not being presented for an improper purpose and that the claims therein are not frivolous and will be supported by facts. If Mather violates Rule 11 or otherwise proceeds in bad faith, she may be subject to sanctions.

      Finally, Mather is reminded that she is prohibited from acting as the trusts' attorney. Accordingly, she may not represent the trusts pro se.

If Mather fails to timely file an Amended Complaint, the Clerk of Court is directed to automatically close this case.

**VI.     CONCLUSION.**

The court dismisses Mather's Complaint but gives her leave to file an Amended Complaint no later than July 11, 2014.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Mather, et al. v. First Hawaiian Bank, Civil No. 14-00091 SOM/RLP; ORDER DISMISSING COMPLAINT