IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANE E. MATHER, individually and as trustee of the HANA2008 LIVING TRUST and the VIOLET BLACK TRUST,<br><br>       Plaintiffs,<br><br>  vs.<br><br>FIRST HAWAIIAN BANK, a Hawaii corporation,<br><br>       Defendant. | CIVIL NO. 14-00091 SOM/RLP<br><br>ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER |

**ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER**

Before the court is a motion by Plaintiff Diane E. Mather, proceeding <u>pro se</u>, seeking relief from an order filed by this court denying her motion to file an amended complaint in the form attached to that motion. The motion for relief is denied.

Mather's motion for relief is particularly puzzling because Mather has failed to take advantage of opportunities previously offered by the court for her to proceed with this case. By way of background, the court states that this case involves a loan by Defendant First Hawaiian Bank to Mather for $686,000 and a $20,000 line of credit. When Mather defaulted on these loans, First Hawaiian Bank filed a state-court action to foreclose on the loans. In August 2013, the state court granted summary judgment in favor of First Hawaiian Bank, issued a decree

of foreclosure with respect to the mortgages securing the loans, and certified its ruling as final pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure. Mather did not appeal the final judgment that the state court subsequently entered.

In January 2014, First Hawaiian Bank moved to confirm the foreclosure sale of the security for the loans. Just days after filing her opposition to that motion in state court, Mather filed the present action. See Verified Complaint, ECF No. 1.

On June 24, 2014, the court dismissed the Complaint in this action, ruling that the federal claims alleged in it were barred by the applicable limitations period. See ECF No. 28. The court declined to exercise supplemental jurisdiction over the state-law claims asserted in the Complaint. Id. The allegations in the original Complaint gave the court concern that Mather might be abusing the court process to delay and/or hinder the state-court foreclosure proceedings by trying to appeal the state court's decisions to this court. This court was also concerned that Mather appeared to be asserting claims barred by the res judicata and collateral estoppel doctrines. Id. The court nevertheless granted Mather leave to file an amended complaint no later than July 11, 2014. Id.

Instead of filing an amended complaint, Mather filed a motion for leave to file an amended complaint attached as an exhibit to her motion. See ECF No. 33.

On August 22, 2014, the court denied that motion. See ECF No. 48. The court's concerns that Mather might be abusing the court process turned out to be well-founded. The proposed amended complaint was prolix, containing many irrelevant allegations covering 69 pages. The court therefore denied the motion, ruling that the proposed amended complaint violated Rule 8(a)(2) of the Federal Rules of Civil Procedure. The court also ruled that some of the claims were barred by the <u>Rooker-Feldman</u> doctrine and barred by the res judicata and/or collateral estoppel doctrines. <u>Id.</u> The court additionally noted that, although Mather cited the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, she did not actually state claims under those acts. <u>Id.</u> Notwithstanding its continuing concerns, the court gave Mather leave to file another motion seeking leave to file an amended complaint, requiring Mather to attach any new proposed pleading to the motion. Any such motion was required to be filed by September 12, 2014. The court warned Mather that failure to timely file such a motion would result in the automatic closure of this case. <u>Id.</u>

Mather did not timely file a motion seeking leave to file a new amended complaint. Judgment against Mather was therefore entered on September 15, 2014. <u>See</u> ECF No. 50.

The following day, September 16, 2014, Mather filed the present motion for relief from the court's order of August 22,

3

2014, citing to Rule 60(b)(4) of the Federal Rules of Civil Procedure. The court construes this motion as also seeking relief from the judgment entered on September 15, 2014.

Rule 60(b)(4) provides that a court may relieve a party from a final judgment if "the judgment is void." The Supreme Court has held that a void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). In other words, "[a] void judgment is a legal nullity." A judgment is not considered void "simply because it is or may have been erroneous." Id. Instead, Rule 60(b)(4) applies only "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id.

Rule 60(b) motions are committed to the discretion of the trial court. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court."). Whether under Rule 60(b)(4) or any other subsection of Rule 60(b), or even under Rule 59(e) of the Federal Rules of Civil Procedure, Mather demonstrates no reason for the court to grant her relief of any kind. Having failed to take advantage of the opportunity to file a timely

motion attaching a new amended complaint, she is in no position to obtain post-judgment relief.

Even if the court reviews the merits of her motion for post-judgment relief, the court is unpersuaded. Mather argues that relief is warranted because the Rooker-Feldman doctrine has been abolished. That is simply not the case. Mather's case is the type of case that the Supreme Court has expressly noted the doctrine applies to. In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the Supreme Court stated that the Rooker-Feldman doctrine is confined to cases that are brought by state-court losers complaining of injuries caused by state-court judgments rendered before the commencement of district court proceedings, and that invite district court review and rejection of those state-court judgments. Here, a final judgment in the state-court foreclosure action was entered on August 23, 2013, pursuant to the state court's certification that, under Rule 54(b) of the Hawaii Rules of Civil Procedure, its grant of summary judgment in favor of First Hawaiian Bank and against Mather was a final order and judgment and that there was no just reason for delay. See ECF No. 21-1, 21-2. Mather could have appealed that order but chose not to do so.

Instead, about six months later, she came to federal court, claiming, among other things, that First Hawaiian Bank had lacked standing to foreclose on the loans (First Cause of

5

Action), and seeking to quiet title and prevent a slander of title (Fifth and Sixth Causes of Action) as to the security foreclosed on in state court, and to rescind the loans that were foreclosed on in state court (Tenth Cause of Action). See ECF No. 1. Mather reiterated these claims in her proposed amended complaint. See ECF No. 33-1. These claims directly challenged the final judgment issued in the state-court proceedings and were therefore barred by the Rooker-Feldman doctrine.

Mather also misunderstands the doctrines of issue and claim preclusion. When the court denied Mather's motion to file the proposed amended complaint, it did so in part because issues raised in it either were or could have been raised in the state-court foreclosure proceedings in which a final judgment had been entered and not appealed. See Dorrance v. Lee, 90 Haw. 143, 149, 976 P.2d 904, 910 (1999) (doctrine of collateral estoppel bars relitigation of issue when: (1) issue decided in prior adjudication is identical to issue presented in action in question; (2) there is a final judgment on the merits; (3) issue decided in prior adjudication was essential to final judgment; and (4) party against whom collateral estoppel is asserted was party or in privity with party in prior adjudication); Morneau v. Stark Enters., Ltd., 56 Haw. 420, 422-23, 539 P.2d 472, 474-75 (1975) (stating that the doctrine of res judicata "a bar to a new action in any court between the same parties or their privies

6

concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").

Although Mather claims that this court violated her due process rights, she fails to explain the manner in which that occurred. At most, she complains that this court examined the state-court proceedings in denying her motion to file the proposed amended complaint. But it remains unclear why this court should not have taken judicial notice of those proceedings, including the grant of summary judgment in favor of First Hawaiian Bank on its claim to foreclose on its loans to Mather, the Rule 54(b) certification of that order as final, and the final judgment entered by the state court as a result. See ECF Nos. 21-2, 21-2.

To the extent Mather argues that she should be allowed to assert a RICO claim under 18 U.S.C. § 1964(a) and (c) without leave of court, the court rejects that argument. Mather was already given leave to file an amended complaint. Instead of filing an amended complaint, she filed a motion asking for leave to file a new complaint in the form attached to her motion. When the court examined the proposed amended complaint attached to that motion, the court determined that Mather should not be

7

allowed to proceed with that particular proposed amended complaint.  The nature of the proposed amended complaint was such that it was clear that Mather was attempting to delay and/or hinder the state-court foreclosure proceedings, or was attempting to prevent First Hawaiian Bank from doing anything with the foreclosed property.  The court nevertheless gave Mather leave to file another motion seeking leave to file a different proposed amended complaint.  Mather did not timely file such a motion.  Instead, she waited until after judgment had been entered to state in a single sentence in the conclusion to her motion that she should be allowed to file an amended complaint with a single RICO claim.  This request did not comport with the court's earlier order telling Mather that, by September 12, 2014, she could file a motion seeking leave to file an amended complaint that she was to attach to the motion.  Mather did not submit anything at all allowing the court to evaluate whether she was stating a claim.

Under the circumstances presented here, the court declines to reconsider its previous order or the subsequent judgment. Mather's motion seeking such relief is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 18, 2014.



　/s/ Susan Oki Mollway　
Susan Oki Mollway
Chief United States District Judge

Mather, et al. v. First Hawaiian Bank, Civil No. 14-00091 SOM/RLP; ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER