IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANE E. MATHER, individually and as trustee of the HANA2008 LIVING TRUST and the VIOLET BLACK TRUST,<br><br>              Plaintiffs,<br><br>     vs.<br><br>FIRST HAWAIIAN BANK, a Hawaii corporation,<br><br>              Defendant.<br>_____ | CIVIL NO. 14-00091 SOM/RLP<br><br>ORDER DENYING SECOND AND THIRD MOTIONS BROUGHT UNDER RULE 60(b)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE |

**ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER**

Before the court are two more motions by Plaintiff Diane E. Mather, proceeding pro se, seeking relief from orders of this court. See ECF Nos. 53 and 54. The motions are denied.

Mather is a real estate agent who owned multiple properties. When she stopped making payments on the various loans she had, the banks foreclosed in state court. Mather then filed multiple cases in federal court, asking the federal court to essentially sit as an appellate court over the state-court orders and judgements.

Eventually, another judge of this court declared Mather a vexatious litigant. See Order Granting Defendants' Motion for Order Declaring Plaintiff Diane E. Mather a Vexatious Litigant, Civ. No. 14-00384 HG-KSC (Dec. 2, 2014).

The present case involves property located on Dole Street, in Honolulu, Hawaii.  As detailed in the court's order of June 24, 2014, Mather obtained two loans from First Hawaiian Bank that were secured by the Dole Street property.  As detailed in the same order, Mather schemed to get rid of the mortgage on her property by sending First Hawaiian Bank a letter in which she stated that, if First Hawaiian Bank did not respond within three days, the $686,000 and $224,000 notes securing the property would be null and void, and First Hawaiian Bank would instead owe her $1,459,703.35.  Eventually, Mather stipulated to having the documents she filed in Hawaii's Bureau of Conveyances to that effect expunged.

In a state-court order of August 23, 2013, the state court determined that Mather had defaulted on the loans and that First Hawaiian Bank was entitled to foreclose on its security interest in the Dole Street property.  The state court ordered the Dole Street property to be sold via a public action by a court-appointed commissioner.  The state court further ruled that, pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure, the Interlocutory Decree of Foreclosure "shall be considered as a final order and judgment and there shall be no just reason for delay."  See Judgment re: Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory

Decree of Foreclosure and Order of Sale, Civ. No. 12-1-3080 (Haw. Cir. Ct. Aug. 23, 2013), ECF No. 9-12.

Mather filed a Chapter 11 bankruptcy petition. That bankruptcy case was dismissed because Mather failed to file required documents. See Order Dismissing Case with 180-Day Bar to Refiling for Failure to File Required Documents, ECF No. 9-13, PageID # 420.

The Dole Street property was sold at public auction to First Hawaiian Bank, and the state court confirmed the sale. See Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal or Personal Property, Civ. No. 12-1-3080 (Haw. Cir. Ct. Mar. 21, 2014), ECF No. 21-3, and Judgment re: Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal or Personal Property, Civ. No. 12-1-3080 (Haw. Cir. Ct. Mar. 21, 2014), ECF No. 21-4. Mather did not appeal the state-court foreclosure proceeding orders and/or judgments.

Mather's original Complaint in this matter asserted claims of 1) lack of standing to foreclose, 2) fraud in the concealment, 3) fraud in the inducement, 4) intentional infliction of emotional distress, 5) quiet title, 6) slander of title, 7) declaratory relief, 8) violations of the Truth in

Lending Act, 9) violations of the Real Estate Settlement
Procedures Act, 10) rescission, and 11) a request for an
accounting.  See ECF No. 1.  Each of these claims arose out of
First Hawaiian Bank's foreclosure with respect to the Dole Street
property.  Id.

On June 24, 2014, this court dismissed Mather's
original Complaint, ruling that Mather's federal question claims
were barred by the applicable limitations periods.  The court
declined to exercise supplemental jurisdiction over Mather's
remaining state-law claims.  The court gave Mather leave to file
an amended complaint.  See ECF No. 28.

Instead of simply filing an amended complaint, Mather
filed a motion for leave to file an amended complaint in the form
attached as an exhibit to her motion.  See ECF No. 33.  On August
22, 2014, the court denied that motion.  See ECF No. 48.
Mather's proposed amended complaint was prolix, containing many
irrelevant allegations covering 69 pages.  The court ruled that
the proposed amended complaint violated Rule 8(a)(2) of the
Federal Rules of Civil Procedure.  The court also ruled that some
of the claims were barred by the Rooker-Feldman doctrine, by res
judicata, and/or by the collateral estoppel doctrine.  Id.  The
court additionally noted that, although Mather cited the Fair
Debt Collection Practices Act and the Real Estate Settlement
Procedures Act, she did not actually state claims under those

acts.  Id.  The court gave Mather leave to file another motion

seeking leave to file an amended complaint, requiring Mather to

attach any new proposed pleading to the motion.  Any such motion

was required to be filed by September 12, 2014.  The court warned

Mather that failure to meet that deadline would result in the

automatic closure of this case.  Id.

Mather did not timely file a motion seeking leave to

file a new amended complaint, and the court entered judgment

against Mather on September 15, 2014.  See ECF No. 50.  Mather

did not appeal the judgment or any of this court's orders.

Instead, on September 16, 2014, Mather filed her first motion

under Rule 60(b)(4) of the Federal Rules of Civil Procedure,

seeking relief from the court's order of August 22, 2014.  The

court construed the motion as also seeking relief from the

judgment entered on September 15, 2014.  The motion was denied on

September 18, 2014, because it incorrectly argued that the

Rooker-Feldman was no longer viable.  See ECF No. 52.  To the

extent Mather requested in a single sentence that she be allowed

to assert a RICO claim under 18 U.S.C. § 1964(a) and (c) after

the entry of judgment against her, the court denied that request.

The court notes that Mather then filed a new action asserting

that claim anyway.  See Civil No. 14-00429 SOM/RLP.

Mather has now filed two more motions under Rule

60(b)(4) of the Federal Rules of Civil Procedure, arguing that

the court's orders of June 22, 2014, and August 22, 2014, are void because the court referred to loans in its orders for which First Hawaiian Bank failed to provide evidence of the original notes. Mather also argues that the state-court foreclosure proceedings violated RICO. Mather misses the point.

Rule 60(b)(4) provides that a court may relieve a party of the effect of a final judgment if "the judgment is void." The Supreme Court has held that a void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). In other words, "[a] void judgment is a legal nullity." A judgment is not considered void "simply because it is or may have been erroneous." Id. Instead, Rule 60(b)(4) applies only "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. Rule 60(b) motions are committed to the discretion of the trial court. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

In its dismissal order of June 22, 2014, the court noted that the federal causes of action were clearly barred by

the applicable limitations period.  The court declined to exercise supplemental jurisdiction over Mather's remaining state-law claims.  Whether the existence of Mather's original note could be proven and whether the foreclosure proceedings violated RICO were matters not essential to the claims asserted in the original Complaint.  Similarly, the court's order of August 22, 2014, which was based on Mather's violation of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as well as Rooker-Feldman and the res judicata/collateral estoppel bars to claims challenging the state-court orders and judgment that Mather failed to appeal, is not rendered void by the absence of proof of the original note or by any RICO violation.

Mather cannot come to federal court to raise an untimely argument that the state-court orders and final judgments are void, essentially asking this court to sit as an appellate court over those orders and judgment.  Rule 60(b)(4) does not allow this court to vacate state-court orders and judgments as void.  See Schroeder v. Bank of Am., 2012 WL 6929272, *4 (M.D. Pa. Nov. 19, 2012) ("a litigant simply cannot rely upon Rule 60(b)(4) to . . . seek an order from a federal court vacating some prior state court order").  Although Rule 60(b)(4) allows this court to grant relief from its own judgments and orders, Mather shows no justification for such relief with respect to this court's orders of June 24 and August 22, 2014.  Mather's

7

motions under Rule 60(b)(4), ECF Nos. 53 and 54, are therefore

denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Mather, et al. v. First Hawaiian Bank, Civil No. 14-00091 SOM/RLP; ORDER
DENYING SECOND AND THIRD MOTIONS BROUGHT UNDER RULE 60(b)(4) OF THE FEDERAL
RULES OF CIVIL PROCEDURE